# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DINO PUBLISHING LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19 C 1921 |
| MARITIMO MARKETING AMERICAS, INC., | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

In July 2018, Dino Publishing LLC and Maritimo Marketing Americas, Inc. entered into a two-year contract in which Dino agreed to provide marketing services to promote the sale of Maritimo boats in the U.S. in exchange for $138,000, to be paid in monthly payments over a two-year period. In October 2018, Maritimo advised Dino that it had "decided to go in a different direction" and told Dino to cease all work. Dino objected, saying that the termination was improper and that it was still owed the remaining payments. It has sued Maritimo for breach of contract, claiming $123,000 is due and owing.

Maritimo has counterclaimed. It alleges that Dino committed material breaches of the contract and did not cure them when notified. Maritimo seeks a declaratory judgment that Dino breached the contract, thus excusing Maritimo from further performance (count 1). Maritimo also asserts an alternative claim for damages for breach of contract (count 3) as well as a claim for damages for anticipatory breach (count 4); a claim for an accounting, citing confusion over the application of the fees it

did pay (count 2); a claim that Dino negligently made misrepresentations regarding its capabilities (count 5); a claim of unjust enrichment based on the fees that Maritimo did pay (count 6); and a claim for conversion regarding website content (count 7).

Dino has moved to dismiss Maritimo's counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering the motion, the Court takes Maritimo's well-pleaded factual allegations as true, *see, e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008), and assesses whether each of Maritimo's claims "plausibly suggest[s] an entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). The Court rules as set out below.

1. Dino argues that count 1, Maritimo's declaratory judgment claim, should be dismissed as unnecessary because a ruling on Dino's claims will resolve the matters on which Maritimo seeks a declaratory judgment. The Court agrees. To prevail on its breach of contract claim, Dino will have to show that it performed its obligations under the contract and that Maritimo failed to perform its obligations—essentially the flip side of what Maritimo alleges in the counterclaim. Count 1 is dismissed.

2. The Court likewise dismisses count 2, Maritimo's claim for an accounting. This is not a situation in which the "'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." *Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34, 36 (7th Cir. 1976) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)). Rather, the issue cited in count 2 involves only the proper application of a very small number of monthly payments of fixed amounts.

3. The Court declines to dismiss count 3, Maritimo's claim for damages for breach of contract. Maritimo has adequately alleged all of the elements of a breach of

contract claim: a valid and enforceable contract; performance by Maritimo; breach by Dino; and resulting harm to Maritimo. *See, e.g., Mack Indus., Ltd. v. Village of Dolton*, 2015 IL App (1st) 133620, ¶ 29, 30 N.E.3d 518, 528.

4. By contrast, the Court dismisses count 4, Maritimo's claim for anticipatory breach. A claim for anticipatory breach requires an unequivocal manifestation of a party's intent not to perform when the time fixed under the contract arrives. *See, e.g., Bituminous Cas. Corp. v. Commercial Union Ins. Co.*, 273 Ill. App. 3d 923, 930, 652 N.E.2d 1192, 1197 (1995). Maritimo alleges only a failure to perform by Dino, not a repudiation prior to or at the time for Dino's performance.

5. The Court declines to dismiss count 5, a claim for negligent misrepresentation. The elements of a claim for negligent misrepresentation are: "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 334–35, 843 N.E.2d 327, 332 (2006). On the fifth element, if only economic damages are sought, then the duty to avoid negligently conveying false information is imposed only if the party accused of misrepresentation "is in the business of supplying information for the guidance of others in their business transactions." *Id*. at 335, 843 N.E.2d at 332. Otherwise, the economic loss rule bars the claim. *See id.* Maritimo argues that because Dino is in the business of marketing and advertising for brands, it is in the business of supplying information for the guidance

of others and thus meets this requirement. The Court agrees that Maritimo has made the necessary allegations for this claim to survive dismissal.

6. A claim of unjust enrichment "is inapplicable where an express contract, or written, governs the parties' relationship." *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25, 983 N.E.2d 1044, 1052. A party may plead alternative claims for breach of contract and unjust enrichment, *see id.*; *see also* Fed. R. Civ. P. 8(a)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."), but if so the unjust enrichment claim "cannot include allegations of an express contract," *Gagnon*, 2012 IL App (1st) 120645, ¶ 25, 983 N.E.2d at 1052, likely because this makes the claim *internally* inconsistent. In this case, Maritimo's unjust enrichment claim (count 6) expressly includes and is premised upon the allegations regarding the parties' written contract. The Court therefore dismisses count 6.

7. Maritimo's final claim is count 7, a claim for conversion. In this claim, Maritimo alleges that Dino exploited access to Maritimo's digital content and intellectual property by placing this information on a website without Maritimo's authorization. It also that Dino prevented it from accessing the content. A claim for conversion requires "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 14, 90 N.E.3d 463, 467.

Dino argues that digital content and intellectual property posted on a website is insufficiently tangible to maintain a conversion claim. In Illinois, "an action for

4

conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." *In re Thebus*, 108 Ill. 2d 255, 260, 483 N.E.2d 1258, 1260 (1985) (quoting 18 Am. Jur. 2d *Conversion* § 9, at 164 (1965)). Thus, ideas are generally not sufficiently tangible for a conversion claim until they are put into writing and thus converted into a form of tangible property. *Bilut v. Northwestern Univ.*, 296 Ill. App. 3d 42, 52, 692 N.E.2d 1327, 1334 (1998) (finding that professor's research may be a proper subject of conversion because the printed copy of the research constituted as tangible property). In *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767 (N.D. Ill. 2017), the court cited to a state appellate decision to conclude that a digital file is insufficiently tangible property for a conversion claim. *Id.* at 780 (citing *Ogbolumani v. Young*, 2015 IL App (1st) 141930-U, ¶ 33, 2015 WL 1284064). It is difficult to understand why this should still be the case in this day and age given the ubiquity of valuable property—in particular, intellectual property—that is maintained in digital form, but Illinois law does not yet permit a claim for conversion of such property. The Seventh Circuit has so held, *see Am. Nat'l Ins. Co. v. Citibank*, 543 F.3d 907, 910 (7th Cir. 2008), and this Court is bound to follow Seventh Circuit precedent on the point until the law changes on the state side. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

Although Maritimo argues that the content that Dino used is tangible property, it does not allege in its counterclaim or even explain in its response to the motion to dismiss how this is so. In short, nothing in the current record indicates that the digital content or intellectual property was in some physical and tangible form. The Court therefore dismisses, count 8, with leave to amend.

5

## Conclusion

For the reasons stated above, the Court dismisses counts 1, 2, 4, 6, and 7 of Maritimo's counterclaim for failure to state a claim upon which relief may be granted but denies the motion to dismiss as to counts 3 and 5 of the counterclaim.

Date: August 16, 2019

_____
MATTHEW F. KENNELLY
United States District Judge